*Casady & Tidrick,* for appellees.

———•◦•———

# Babbitt *v.* Walters *et al.*

A demurrer under the Code should be special.

The averments in a petition or answer, under demurrer, will be regarded as true.

## Appeal *from Marion District Court.*

*Opinion by* Greene, J. James M. Walters and Jessee Mounts filed their petition in equity to have a certain deed, executed by the commissioners of Marion county to Lysander W. Babbitt, set aside. To this·petition Babbitt filed an

Babbitt v. Walters.

answer, to which complainant demurred, and the demurrer was sustained by the court. The defendant failing to answer further the court found complainant's petition to be true, and rendered a decree accordingly.

The facts contained in the answer are admitted to be true by complainant's demurrer. It appears by the averments in the answer, that in August, 1850, James M. Walters purchased lots six and seven in block three, in the town of Knoxville, and paid eleven dollars and seventy cents as the first installment, and was to pay the balance, forty-three dollars and thirty cents, in two equal payments, in one and two years from the tenth day of August, 1850; that said Babbitt, as agent of the board of commissioners of Marion county, executed to Walters a certificate of purchase, which stipulated " that the lots aforesaid, and all money paid thereon, and all improvements made thereon, should be forfeited and revert to the board of commissioners aforesaid, in case either of the above mentioned payments are not made when due;" that up to the twelfth day of August, 1851, the first payment, due on said lots, had not been made, and that the lots, according to agreement, were forfeited to the county; that on said twelfth day of August, said Babbitt purchased the lots and paid the appraised value to the county treasurer, as appears by his receipt, and on the same day the board of county commissioners, Miles Jordan, J. M. Brouse, and Martin Neel, executed and delivered to defendant a deed of conveyance for said lots; that the deed was duly recorded on the day following. The answer denies all fraud in procuring said deed; denies the right of the county judge, who was subsequently elected, to execute a deed, as he did, to the complainants for the same lots, and avers that it was a fraud, &c., upon his previously acquired rights.

The only cause of demurrer alleged against the answer, is in the following words: " That the said answer is not such as would bar the plaintiff's action." This is not such

a demurrer as is recognized by the Code. Section 1754 declares that, demurrers "for substantial defects must set forth the true grounds of objection to the pleading demurred to." This language clearly requires a special demurrer —a specific designation of the defect in the plea demurred to. In the present case the demurrer is as broad and general as language could make it. Instead of setting forth the true grounds of objection; instead of pointing out the substantial defects as contemplated by the Code, it makes a general sweep at the whole answer. Under such a demurrer we are at a loss to know what portion of defendant's answer was considered substantially defective. We see much in it that is responsive to the petition, and assuming the averments under the demurrer to be true, we think it shows an equitable defense to the petition, and that the court erred in the decree below.

Decree reversed.

*C. Bates*, for appellant.

*Casady & Tidrick*, for appellee.